Sutliff C. J.
By the statute in force at the time of the
obstruction complained of by the plaintiff in the original action, it is made “ the duty of each and every supervisor to open, or cause to be opened, all public roads and highways which shall have been” (or might thereafter be), “laid out and established through any part of the district assigned to such supervisor; the same to keep in repair, and remove, or cause to be removed, all obstructions that may from time to time be found thereon; for which purpose the supervisors are (thereby) authorized to enter upon any uncultivated lands, unincumbered by a crop, near or adjoining the public roads, to cut and carry away timber, to dig or cause to be dug and carried away, any gravel, sand or s'tone, which may be necessary to improve or repair said road; and to enter on any lands, adjoining or lying near the road, to make such drains or ditches through the same as they may deem necessary for the benefit of the roads', doing as little injury to said lands and timber as the nature of the case, and the public good, will permit,” etc. Sec. 12, the supervisors act of February 13, 1853. 3 Curwen’s St. 2131.
*164 And by section 13, of the same act, it is provided: “ That if any person, body politic or corporate, shall obstruct any public road or highway, authorized by any law of this state, and suffer such obstruction to remain to the hinderance or inconvenience of persons making use of such public road.or highway, or shall by virtue of any authority whatever, or otherwise change the line, fill up, or dig out the bed of any such road or highway, or in' any other manner render the same less convenient or useful than it had been previously thereto, such person, body corporate or politic, shall be subject to an action on the case, at the suit of the commissioners of the county, or supervisors in any district, or any person who shall be injured by such obstruction,” etc.
The plaintiff below seems to have brought his action upon .this section of the statute. In his petition he charges the defendant below with having wrongfully “filled up the ditch at the side of the road-bed in the road and public highway, running north and south, through said district No. 8, * * * whereby said road was overflowed with water for a long time, * * * and made soft and miry, * * * and was by said wrongful act of defendant obstructed and rendered of no convenience and .use to the public, for the distance aforesaid, within said district. Plaintiff further says, by reason of said wrongful acts of the defendant, said road has been injured in the sum of seventy-five dollars ; for which sum he, as super visor as aforesaid, asks judgment”’ etc.
No question was made, by counsel for defendant below, as to the power of the plaintiff to prosecute the suit as commenced, and expressed by his petition; and we shall therefore take it for granted that the statute confers power upon the plaintiff, as supervisor, to prosecute the suit for the grievances stated in the petition. And, inasmuch as the action prescribed by the statute is an action on the case, it might be a sufficient cause' of action, although the act of the defendant was without the district and jurisdiction of the plaintiff as supervisor, that the injury, the flowing of the water back upon the ditches and road, within his district, resulted directly from such act of the defendant, without the district. *165 There would, therefore, be no difficulty upon the facts stated in the petition, and found by the jury, in sustaining the plaintiff’s right"'-to recover in the original action, were it not for the justification of the defendant. But the defendant justifies by the same authority that the plaintiff relies upon to-support the action.
A supervisor is, in this state, regarded as a ministerial officer, whose duties and authority are prescribed and limited by statute, and which, for the most part, are confined to his own particular district. His duties, generally, are to open "and keep in repair and unobstructed the public roads in his particular district, not-owned or operated under private charters or by incorporated companies. His powers and authority have always, in this state, been particularly prescribed by statute, and seem to be reasonably adapted to the discharge of his duties as such local ministerial officer.
By the provisions of our statute, supervisors are allowed only a moderate compensation for their services, and at the same time for a neglect of the faithful discharge of the duties imposed upon them by the same statute, they are made liable to penalties. Such has been the law of this state upon the subject ever since the first statute of August 1, 1792, in relation to supervisors. And under these statutes, we understand that the courts of this state have always recognized the right of supervisors to a very liberal exercise of an honest discretion in the discharge of their official duties. It would be most unreasonable, under such statutory provisions, to hold a supervisor to a rigid exactitude in the use of the most appropriate means for the discharge of his duties.
But while this liberal rule of conduct is to be extended to the plaintiff, as supervisor, the same rule is obviously equally applicable to the defendant in the discharge of his official duties. The rule is applicable, not to the person but to the exercise of the office.
With these preliminary remarks, let us proceed to the consideration of the grounds of error alleged in the petition in error in the district 'court, and in overruling which it is insisted that court erred.
*166 The 1st error assigned—that the court rejected the evidence offered by defendant below tending to show that in draining the pond in district No. 8, it would have been less expensive to have drained it in another direction—hardly appears, from all that is disclosed in the record, to have been well assigned. It certainly could not, consistently with the rule expressed, be objected to the legality of the conduct of the supervisor, that he had drained a pool of water in his district in one direction, when, in fact, it might have been drained at less expense in another direction. And there is nothing in the record showing that the object or tendency of the evidence so offered, was to show that the supervisor did not honestly exercise his best discretion in draining the pool in the particular direction he did.
The 2d and 4th errors assigned—that the court refused to charge that the defendant below had” a right to control the ditches of the road in his district, etc., presents a more grave question. It is certainly difficult to perceive by what course of reasoning the conclusion could be gained, that the authority and powers of the supervisor of district No. 5, were not as absolute and ample in his district, as were the powers and authority of the supervisor of district No. 8, in his district. Yet the court refused to instruct the jury as requested, but charged them “ that it was the duty of the supervisor to put and keep the road in his district in repair, and to make proper and suitable ditches and drains for that purpose. That in making ditches and sluices he had power and authority to enter upon lands adjoining or near his road for that purpose, and that he had like' power and authority, for the same purpose, to continue a.ditch along his road into another district in the same road, in a suitable and proper manner; and that it was tbe duty of the adjoining supervisor of the same road to co-operate and harmonize in common repair and improvement.” The charge thus given is far from being in substance the charge asked. It gives the supervisor in district No. 8, the unqualified power and authority to enter upon the adjoining district, No. 5, of the adjoining supervisor, against his will and remonstrance, and to make the interests *167 of district No. 5-subservient to tho.se of No. 8. The charge, as given, would constitute the supervisor in district No. 8 the supervisor, and the supervisor in the adjoining district, No-5, his subordinate, instead of recognizing the authority-of the two supervisors as precisely equal, each being supreme in his own district.
We are clearly of the opinion that the instruction of the court to the jury’ that the supervisor of district No. 8 might extend his ditches and repairs into district No. 5, against the will of its supervisor, was wrong. Indeed, such a rule would be utterly impracticable. Under the same rule the supervisor in district No. 5 might, by a sluice and ditch on the other side of the road-bed, conduct the same water back upon the road in district No. 8.
Nor were the instructions given the jury correct, that, to improve the road in his own district, a supervisor, under the authority given him by the statute, to enter upon lands adjoining or near his road for that purpose, “had like power and authority, for the same purpose, to continue a ditch along his rpad into another district on the same road,” etc.
The statute already referred to, it is true, authorizes the supervisor, for the purpose of keeping his road in a proper state of repair, to enter upon any uncultivated lands, etc., near or adjoining the road, to cut and carry away any timber, to dig or cause to be dug and carried away any gravel, sand or stone to improve or repair said road; as well as to make drains or ditches for the improvement of the road. It will be perceived, however, that by the same section of the same statute, authority is given the supervisor, after so entering upon the adjoining lands, as well to dig and carry away gravel, sand and stone for the improvement of his road, as- to dig ditches and drains. If, therefore, the adjoining part of the road, under the control of another supervisor, be included and intended by this provision of the statute, then might the supervisor of district No. 8 be justified in digging and carrying away from the road-bed in district No. 5, gravel and sand, against the will of its supervisor, for the improvement of the road in district No. 8.
*168 It is unnecessary to liere express any opinion upon the authority of a supervisor to either drain a natural pond, of to drain it in a different direction from that in which the water naturally flowed from the pond; nor to what extent, if the right in a particular case exists, it should be made to appear from the particular circumstances and apparent necessity of the case in which exercised.
It is sufficient, in conclusion, to say, that we regard the assignments of. error for reversal as well made, in the particulars already indicated, and that there is, in those particulars, manifest error in the record of- the court of common pleas; and that the district court erred in affirming, and not reversing, the judgment of the court of common pleas. The judgment of the district court must therefore be reversed.
And this court, proceeding to render such judgment as the district court should have rendered, orderS'that the judgment of the court of common pleas be reversed. It is also ordered that this cause be certified to the court of common pleas for further proceedings.
Judgment accordingly.
Gholson and Brinkerhoff, JJ., concurred; Peck and Scott, JJ., dissented.